### HARRIMAN v. SPEAR.

(Court of Appeals of District of Columbia. Submitted May 4, 1925. Decided June 1, 1925.)

No. 4186.

**1. Release ⬅️56—Evidence held admissible on question of probability of release of rights under assignment.**

Where engineer gave attorney assignment of one-third of amount due from corporation employed in building concrete barges for government, it was competent, on question whether attorney, who was representing corporation in its negotiations for settlement with government, had waived his rights under assignment from engineer to show that he had a large pecuniary interest in effecting a prompt settlement with the government, which would be aided by such waiver.

**2. Release ⬅️13(1) — Agreement to waive rights under assignment of part of claim constitutes sufficient consideration.**

Where engineer, employed by corporation engaged in building barges for government, gave

assignment of part of disputed claim against corporation to attorney, who later represented corporation in negotiations for settlement with government, *held*, attorney's subsequent waiver of rights under assignment for purpose of expediting corporation's settlement with government, in which he had a large pecuniary interest as an inducement to engineer to accept less than amount claimed, if acted on by engineer, would constitute a sufficient consideration.

3. **Money received** ⊂⟷16 — Action to recover money wrongfully collected by assignee after relinquishment of rights under assignment held not subject to objection on ground of defect of parties defendant.

Where assignees of part of particular fund, after waiving right under assignment, wrongfully collected moneys assigned, *held*, action against one of them to recover money so collected was not subject to objection that there was defect of parties defendant, for failure to join other assignee or corporation from whom payment had been received.

4. **Witnesses** ⊂⟷266—Extended cross-examination of witnesses by trial court is not favored.

Extended cross-examination of witnesses by trial court is not favored.

Appeal from the Supreme Court of the District of Columbia.

Action by Harry B. Spear against Henry R. Harriman. Judgment for plaintiff, and defendant appeals. Affirmed.

W. G. Gardiner and F. L. Neubeck, both of Washington, D. C., for appellant.

C. A. Douglas and J. V. Morgan, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellee, as plaintiff below, sued the appellant for $2,500 upon the common counts. The appellant filed a general denial, and by way of counterclaim demanded judgment against the appellee in the sum of $4,311 for services rendered and money advanced. The jury returned a verdict for appellee in the sum of $2,275, and also found against appellant upon his counterclaim. The court entered judgment upon the verdict, whereupon this appeal was taken.

The assignments of error do not relate particularly to appellant's counterclaim; therefore no special mention will be made of it in this opinion.

At the trial below the plaintiff, Spear, introduced evidence tending to prove, among other things, that in the year 1920 he was employed by the Southern Shipyard Corporation to act as its engineer in the construc-

tion of certain concrete barges, which the corporation was about to build under a contract with the United States government, and that he was to receive for his services the sum of $300 per month and 15 per cent. of the net profits accruing to the corporation from the contract; that the defendant, Harriman, had acted as attorney for plaintiff in the transaction, and was to receive one-third of whatever profits plaintiff should realize from the corporation under the contract; that at defendant's request a written assignment of this interest in the profits was made by plaintiff jointly to defendant and C. C. Calhoun, and this was filed with the corporation; that by the year 1922 the corporation had discharged its contract with the government, and the plaintiff, having fully performed his contract with the corporation, was entitled to receive 15 per cent. of whatever net profits had accrued to it under the contract, one-third thereof, however, being payable to defendant and C. C. Calhoun under said assignment; that thereupon, before the final settlement was had with the government, a dispute arose between plaintiff and the corporation in regard to the amount of net profits accruing to it under the contract, the plaintiff claiming that his percentage thereof amounted to more than $14,000, whereas the corporation claimed that it had realized no net profits whatever from the contract, but had actually suffered a loss of more than $52,000 in the transaction; that the plaintiff then filed with the government a petition setting out his claim and requesting an adjudication of his rights in the premises; that thereupon the defendant, Harriman, who in the meantime had become the attorney of the corporation, in order to bring about a settlement of its dispute with the plaintiff, and thus avoid delay in collecting its claim from the government, agreed to waive and relinquish all of the assigned interest in plaintiff's profits, upon condition that plaintiff should accept from the corporation the net sum of $6,666.66 in full settlement of his claim; that plaintiff agreed to this arrangement, and the government then settled with the corporation, whereupon said net sum of $6,666.66 became due to the plaintiff under the agreement last set out; but the defendant, by means of the written assignment theretofore executed by the plaintiff, notwithstanding the subsequent waiver thereof, wrongfully induced the corporation to pay over to him the one-third of said sum thus due the plaintiff, which one-third, with interest, amounted to $2,275; that plaintiff demanded payment of this sum from defendant, but the latter

refused to pay the same, and has since continued so to refuse.

The testimony in defense tended to prove, among other things, that the defendant had not agreed to relinquish the one-third interest in plaintiff's profits, as stated by plaintiff, but that defendant and Calhoun had retained the interest assigned to them by the plaintiff, and had rightfully collected the sum of $2,275 from the corporation by authority thereof. It is manifest that the controlling question in the case was whether the defendant in fact had waived or relinquished the interest in plaintiff's profits which had been assigned to the defendant and C. C. Calhoun. The jury answered this question in favor of the plaintiff, and we think that their verdict is sustained by the evidence.

[1] The appellant has presented 18 assignments of error. One of these relates to a ruling whereby the court permitted the plaintiff to show to the jury that the defendant and an associate, Healy, were to be paid $25,000 as fees and expenses as attorneys for the Shipyard Corporation, payable from the moneys which the corporation should receive from the government in the settlement then pending. Appellant claims that this fact was not relevant to the issue, and that it wrongfully tended to prejudice the jury against the defense. We think that the testimony was admissible. The question before the jury was whether the defendant had waived the assignment of profits aforesaid in order to expedite a settlement between the corporation and the government. The fact that the defendant had a large pecuniary interest in securing a speedy settlement with the government tended to show a motive inducing him to make such a waiver, thus reflecting upon the probability of the plaintiff's statement.

[2] The appellant also contends that there was no consideration for the alleged waiver, even if made, and consequently that it would be invalid. This claim cannot be sustained, for if the waiver was made as an inducement to the plaintiff to accept by way of compromise a less sum than he was then demanding, and if the plaintiff acted thereon, such action would constitute a sufficient consideration.

[3] The appellant contends that there was a defect of parties defendant below; that since the assignment in question was made jointly to the appellant and C. C. Calhoun, and the money sued for was paid to them jointly by the corporation, the action should have been brought against them jointly. We do not agree with this claim, for if the appellant, for himself and another, wrongfully collected money due to the appellee in the manner claimed, the appellee would be entitled to recover against him severally for the amount. The testimony, moreover, discloses that no part of the money has in fact been paid to Calhoun, for by the latter's direction it has been held by the appellant to await the result of this case. Nor do we think that the action should have been brought against the Shipyard Corporation, for, if the appellant wrongfully collected the money in question, the appellee would be entitled to recover the amount from him, regardless of the possible liability of the corporation also.

[4] The appellant complains that at the trial below the presiding judge severely cross-examined him at great length when he testified as a witness in the case, thus exciting distrust of him in the minds of the jurors, and wrongfully discrediting his case in their estimation. In answer to this we may, say, in general, that we do not commend the practice of extended cross-examinations of witnesses by the trial court, but a careful reading of the examination now in question in the light of the surrounding circumstances fails to convince us that there was such prejudicial error in this instance as to require a reversal of the judgment.

Without discussing the other assignments in detail, we may say that we find no error in the record requiring a reversal of the judgment below. It is accordingly affirmed, with costs.

Motion to modify opinion denied June 26, 1925.